UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Luisa Mora, <br>       Plaintiff, <br> v. <br> Nathan Losada, <br>       Defendant. | Civil Action No. 12-10461-LTS |

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO QUASH SERVICE OR DISMISS
COMPLAINT FOR IMPROPER VENUE OR LACK OF JURISDICTION[1]

October 18, 2012

SOROKIN, C.M.J.

      Plaintiff Luisa Mora, a Massachusetts resident, sued Nathan Losada, a Florida resident, on March 12, 2012, alleging fraud related to a real estate transaction involving property Mora owned in Florida. See generally Doc. No. 1. The matter was assigned to the undersigned Magistrate Judge. However, no form reflecting the parties' consent or refusal to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c) has been filed. As such, it is ORDERED that the Clerk shall reassign this case to a District Judge.

      Losada has challenged service of process, venue, and jurisdiction pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Doc. No. 5. On September 11, 2012, this Court ordered Mora to respond to Losada's Rule 12(b) motion, and further directed Mora to explain why venue should not be transferred to the United States District Court for the Southern District of Florida.

---

[1] The parties are pro se and have not consented to the jurisdiction of a Magistrate Judge. In an abundance of caution, and given the potentially dispositive nature of a motion alleging improper venue and lack of jurisdiction, the undersigned issues this Report and Recommendation. See 28 U.S.C. § 636(b)(1), (c).

Doc. No. 7.  Mora filed a brief opposing Losada's arguments regarding service of process and personal jurisdiction, but she failed to address the issue of venue.  Doc. No. 9.  For the reasons that follow, I recommend transfer to the United States District Court for the Southern District of Florida.

A federal lawsuit may be brought in:

(1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Pursuant to 28 U.S.C. § 1406, a federal court "of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  Transfer of a case instituted in the wrong district is generally preferable to dismissal.  See <u>CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co.</u>, 650 F. Supp. 57, 60 (D.V.I. 1986).

Mora concedes that Losada resides in Miami, and that the property involved in the transaction underlying this dispute also is located in Miami.  <u>See</u> Doc. No. 1 at ¶¶ 2, 4, 7.  The Complaint alleges no acts or omissions occurring in Massachusetts.  <u>See generally</u> Doc. No. 1.  As such, venue in this District is improper.[2]  <u>See</u> 28 U.S.C. § 1391(b)(1)-(2).  Venue would,

---

[2] For the same reasons, this Court lacks personal jurisdiction over Losada.  See <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 57 (1st Cir. 2005) ("An exercise of jurisdiction must be authorized by state statute and must comply with the Constitution."); Mass. Gen. Laws ch. 223A § 3 (permitting exercise of personal jurisdiction by Massachusetts courts in enumerated

however, lie in the Southern District of Florida.³  Id.  Although Losada seeks dismissal and argues Mora should be required to re-file her complaint in the proper venue, the interests of justice would not be served by compelling a pro se plaintiff to do so.⁴

Accordingly, I RECOMMEND that the action be transferred to the United States District Court for the Southern District of Florida, the only proper federal venue in which Mora may pursue her claims as they have been alleged.⁵  See 28 U.S.C. § 1391(b); Doc. No. 1.

SO ORDERED.

   /s / Leo T. Sorokin
Leo T. Sorokin
United States Magistrate Judge

---

circumstances, none of which extend to Mora's allegations).

³A court in the Southern District of Florida also would have personal jurisdiction over Losada, who resides there.  It further appears Mora has satisfied the requirements for federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the parties reside in different states and she alleges the amount in controversy exceeds $75,000.  See Doc. No. 1 at ¶¶ 1-5.

⁴This Court need not resolve Losada's challenge to Mora's service of process.  Further development of the facts may be necessary in order to determine whether the individual Mora served is "an agent authorized by appointment or by law to receive service of process" for Losada.  Fed. R. Civ. P. 4(e)(2); see Doc. No. 4.  Losada, in any event, plainly received actual notice of the action, which he timely challenged via the instant motion.  To the extent Losada wishes to pursue this issue, he may do so after the case has been transferred to the proper forum.

⁵The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).